## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LABRYS FUND, L.P. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANVIA HOLDINGS CORPORATION, )<br>)<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. |

## **COMPLAINT**

### Introduction

This is a complaint for breach of a promissory note (the "Note") and unjust enrichment. The Plaintiff, Labrys Fund, L.P. seeks damages in the amount of $2,070,712.32 and attorneys' fees and costs as of the filing date, and ongoing, against the Defendant, Anvia Holdings Corporation ("Anvia").

### PARTIES

1. The Plaintiff, Labrys Fund, is a Delaware Limited Partnership with a principal place of business at 48 Parker Road, Wellesley, Massachusetts 02482.

2. The Defendant, Anvia, is a Delaware Corporation with a principal place of business at 100 Challenger Road, Suite 830, Ridgefield Park, NJ 07660.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because the parties are of complete diversity and the amount in controversy exceeds $75,000. Jurisdiction is also appropriate because Section 4.6 of the Note described in Paragraph 5 below provides for jurisdiction of this dispute be in state or federal court in the Commonwealth of Massachusetts.

4. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391, as the Section 4.6 of the convertible promissory note executed by the parties provides that any action must be brought in the state or federal courts in the Commonwealth of Massachusetts. Massachusetts is also the District where Labrys Fund is headquartered and has its principal place of business, and where the Note was drafted and executed.

## FACTS

5. For good and valuable consideration, on June 4, 2019, Anvia executed as maker the Note made payable to Labrys Fund in the original principal amount of $2,000,000 (*See* Exhibit 1, Note). Section 4.6 of the Note provides that it shall be governed by and construed in accordance with the laws of the state of Nevada without regard to principles of conflicts of laws.

6. Article III of the Note provides that, upon the occurrence of an Event of Default, Labrys Fund may file a Confession of Judgment, providing for the immediate execution of judgment in the event of a default in the terms of the Note, a provision that is valid under the laws of the State of Nevada.

7. On July 2, 2019, Anvia filed a statement pursuant to the Uniform Commercial Code which

named Labrys as a secured creditor and provided Labrys with a security interest in Anvia's assets. (*See* Exhibit 2, UCC Filing)

8. Section 3.24 of the Note requires that Anvia "comply with the reporting requirements of the Exchange Act (including but not limited to becoming delinquent in its filings). Nevertheless, on June 27, 2019, the United States Securities and Exchange Commission suspended Anvia from trading for a period from June 28, 2019 to July 12, 2019. (June 27, 2019 Commission Release File no. 500-1) The SEC did so because "of questions regarding the accuracy of assertions by Anvia, a Delaware corporation whose principal place of business is listed on OTC Markets' website as Ridgefield Park, New Jersey, and by others, in press releases and/or cold calls to investors concerning, among other things, (1) anticipated corporate acquisitions; (2) up-listing to NASDAQ; and (3) stock price value." The SEC was also concerned that "recent trading activity in Anvia also reflects potentially manipulative or deceptive activities." (*Id.*)

9. Because of the SEC's action, on July 22, 2019, the parties entered into an Amendment to the Note (*See* Exhibit 3, Amendment to the Note), which required Anvia to make monthly payments of $350,000.

10. Anvia made a single payment of $25,000 on August 20, 2019, but made no further payment, in violation of the terms of Amendment 1 of the Note. Each payment Anvia missed constitutes a violation of the Amendment, which itself constitutes a violation of the material terms of both the Amendment and the Note. These violations trigger an Event of Default under Sections 3.1 and 3.3 of the Note.

11. In violation of Section 3.24 of the Note, Anvia also missed SEC filing deadlines, most

notably missing its 10Q filing in November. (November 14, 2019 Commission File No. 000-55673). This failure also triggered an Event of Default.

12. Although Anvia was repeatedly notified of its violations throughout the final quarter of 2019, Anvia took no action to correct the violations. Anvia was warned directly by Labrys, and also through Labrys' counsel, that the Note was in default and that the maturity date was December 4, 2019. If Anvia did not repay its obligations under the Note, Anvia was told, Labrys would pursue its legal rights and remedies as set forth in the Note. After the deadline passed without payment, at the request of Anvia's counsel, Labrys agreed to extend the deadline a final time to December 6, 2019. That date came and went with no payment from Anvia. The Note does not require that Labrys make any declaration or provide any notice of default before pursuing its rights under the terms of the Note.

13. Thus, as of December 6, 2019, an Event of Default has occurred, and Anvia is liable for the $1,975,000 of the owed principal, an additional amount of $95,712.32 in interest on the Note, for a total of at least $2,070,712.32. In addition, Section 4.5 of the Note provides that Anvia must also pay the costs of collection and attorneys' fees.

## CAUSES OF ACTION

### COUNT I

**Breach of Promissory Note**

14. Labrys Fund repeats and realleges the allegations of each of the paragraphs above as if expressly stated here.

15. Anvia, the maker of the Note, received $1,800,000 from Labrys Fund, the holder of the

4

Note and promised to make payment to Labrys Fund pursuant to the Note's terms.

16. Labrys Fund did not breach any of its obligations.

17. Anvia has breached its obligations as maker of the Note, the Note is in default, and the amount of $2,070,712.32 is now due and owing.  Anvia has failed and refused to pay the amount due under the Note and Labrys Fund has thereby been harmed. Anvia must pay Labrys Fund all of the money required under the terms of the Note.

## COUNT II

### Unjust Enrichment

18. Labrys Fund repeats and realleges the allegations of each of the paragraphs above as if expressly stated here.

19. Anvia received benefit from Labrys Fund without providing an equivalent value for this benefit.

20. By these actions, Anvia has been unjustly enriched.

21. As a result of Anvia's unjust enrichment, Labrys Fund has suffered a detriment, including general, special, and consequential damages, such as lost profits, expectancy damages, interest and other injuries.

WHEREFORE, Labrys Fund respectfully requests that this Court grant it the following relief:

a) Determine that Anvia is liable for all damages, losses and costs, as alleged here.

b) Render judgment in favor of Labrys Fund and award it the amount of its losses.

c) Award Labrys Fund its costs and attorneys' fees.

                                            Respectfully submitted,

December 8, 2019                    Labrys Fund, L.P.,
                                            by its attorneys,

                                          /s/*Timothy Cornell*_____
                                          Timothy Cornell, BBO #654412
                                          Patrick J. Dolan, BBO #564250
                                          Cornell Dolan, P.C.
                                          One International Place, Suite 1400
                                          Boston, MA 02110
                                          (617) 535-7763 (main)
                                          (617) 535-7650 (fax)
                                          tcornell@cornelldolan.com
                                          pdolan@cornelldolan.com